UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE RHABARIAN; PAIMAN RAHBARIAN, on behalf of herself and as representative for the Estate of Fakhri Attar; and VERA DAVYDENKO, on behalf of herself and as guardian ad litem for N.R., a minor, and M.R., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL CAWLEY, and BRUCE SMALLWOOD,<br><br>Defendants. | No. 2:10-cv-00767-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on the parties' objections to the Court's tentative ruling (ECF No. 64) on Defendants' Motion for Summary Judgment or Partial Summary Judgment. (Defs.' Mot. Summ. J., ECF No. 24.) For the reasons set forth below, the Court finds the parties' objections lacking in merit and adopts the tentative ruling as final. The Court also sets dates for the Final Pretrial Conference and for the Trial.

**I.   DEFENDANTS' OBJECTION**

Defendants object to Part C of the Court's tentative ruling, arguing there is no genuine dispute of material facts as to whether Defendants participated in or directed the execution of the

1

search warrants.  Specifically, Defendants point to their declarations in which each Defendant declares he "did not order, direct, or even suggest that any DMV agent . . . do anything to violate the rights of any of the plaintiffs or anyone else."  (Decl. Smallwood ¶ 18; *accord* Decl. Cawley ¶ 53.)  Defendants argue, therefore, "there is no evidence . . . to permit a 'reasonable inference that Defendants were personally involved in the decision of other DMV agents to break down the doors and enter with guns drawn."  Objections 20.

However, as discussed in the Tentative Ruling, there is evidence to support a reasonable inference Defendants participated in or directed the manner in which the search warrants were executed.  *See Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 468 (1992) (reasoning that, in opposing summary judgment, Rule 56 requires "only that the nonmoving party's inferences be reasonable in order to reach the jury").  Before the search warrants were executed by DMV agents in the manner Plaintiffs allege was unconstitutional, Cawley and Smallwood developed the tactical plan.  Cawley conducted the briefing before the execution of the warrant.  This was a complicated well-coordinated plan to execute search warrants simultaneously at several different locations.  Plaintiffs produced competent testimony that DMV agents unreasonably broke down their doors with guns drawn.  It strains credulity to suppose these agents departed from the plan as drawn up by their superiors.  *See Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms.").  Although this is not direct evidence that these agents were specifically instructed at the briefing to break down the door and enter with guns drawn, a reasonable juror could infer from this circumstantial evidence that Defendants directed the manner in which the searches were conducted.  *See Rayzor v. United States*, 937 F. Supp. 115, 118 (D.P.R. 1996), *aff'd*, 121 F.3d 695 (1st Cir. 1997) ("[I]f the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party." (citing *Casas Office Mach. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 684 (1st Cir. 1994)).  Thus, even though Defendants' declarations directly contradict this inference, there remains a genuine

1 dispute of material fact.

2 Therefore, Defendants' objection is OVERRULED and summary judgment is DENIED
3 with respect to Plaintiffs' unreasonable search execution claim.

## II.	PLAINTIFFS' OBJECTIONS

Plaintiffs objected arguing they had not received several documents in possession of Defendants.  The Court allowed Plaintiffs the opportunity to examine these documents and file supplementary objections to the Court's tentative ruling: Plaintiffs did not elect to do so.  (ECF No. 75 (Plaintiffs . . . will be making no further filing . . . based on plaintiffs' inspection of the five boxes of 'bank-record documents'").)  Thus, these objections are OVERRULED.

Plaintiffs also raise four other objections to the Court's tentative ruling: (a) The tendered checks create a genuine dispute of material fact, (b) Smallwood made an incriminating statement before, not after, the search warrant was obtained, (c) because Defendants had access to documents in possession of Deputy Attorney General ("DAG") Morgester, they knew about the tendered checks, and (d) Attachment A to the search warrant application included 19, not 173 cars.

### A.	Tendered Checks

Regarding the tendered checks, Plaintiffs argue that because DAG Morgester knew about the tendered checks, Defendants must have known about the checks before applying for the search warrant.  But Plaintiffs do not point to evidence that supports a reasonable inference that Defendants themselves knew about these checks, let alone acted with intent or recklessness to mislead the magistrate.

Moreover, as discussed in the Tentative Ruling, Plaintiffs fail to offer argument or evidence establishing that the existence of tendered but uncashed checks—if added to the search warrant application—would have defeated probable cause.  Supplementing the warrant application with this information, a reasonable magistrate could nonetheless conclude (1) Plaintiffs embezzled the proceeds from the sales of new cars—notwithstanding the fact they tendered uncashed checks to the financing company, and (2) evidence of this embezzlement could be found in the places to be searched—Plaintiffs' residences and businesses.

Thus, Plaintiffs' objections based on the tendered checks are OVERRULED.

**B.     Smallwood's Statement**

Regarding Plaintiffs' objection based on the timing of Defendant Smallwood's statement to the Brasher's representative, Plaintiffs are correct that this statement is circumstantial evidence of improper motive in conducting the investigation. However, this evidence does not create a genuine dispute of material fact that Smallwood (or Cawley) acted with intent or recklessness to mislead the magistrate in the conduct at issue—their application for a search warrant.

Moreover, this evidence does not affect the Court's conclusion that the asserted misstatements and omissions were not material to the finding of probable cause as a matter of law. Therefore, this objection is OVERRULED.

**C.     Defendants' Knowledge of Tendered Checks**

Regarding Defendants' knowledge of tendered checks supposedly gleaned from DAG Morgester, as discussed above, there is no evidence Defendants themselves knew about these checks. Moreover, as discussed above, the tendered but uncashed checks were immaterial to the finding of probable cause as a matter of law. Thus, this objection is OVERRULED.

**D.     Attachment A**

Finally, Plaintiffs' objection based on so-called "Attachment A" is unavailing. Even assuming Attachment A says what Plaintiffs contend, the Court finds that even if Attachment A included only 19 cars, this omission was immaterial to the finding of probable cause to search for records of embezzlement. Plaintiffs' allegations of spoliation are troubling—although lacking in evidentiary support; however, the time to raise these issues was during discovery, and not after the deadline for dispositive motions. As the Court has previously observed, Plaintiffs' laments about their state of affairs are attributable in no small part to Plaintiffs' counsel's lack of diligence in prosecuting this matter.

Accordingly, this objection is OVERRULED.

### III.     CONCLUSION

Therefore, the Court, having reviewed carefully the parties' objections to its tentative ruling, finds both parties' objections to be without merit. Accordingly, the tentative ruling (ECF

1 | No. 64) is HEREBY FINAL.  Defendant's motion for summary judgment is GRANTED IN
2 | PART with respect to Plaintiffs' judicial-deception, cash-seizure, and property-destruction
3 | claims, and DENIED IN PART with respect to Plaintiffs' unreasonable search execution claim.
4 |     Moreover, the Court previously vacated the dates for the final pretrial conference and trial
5 | (ECF No. 51).  The Court hereby sets the following dates for the final pretrial conference and
6 | trial: the final pretrial conference is set for June 5, 2014, at 2:00 p.m. in courtroom 2; and trial is
7 | scheduled to commence at 9:00 a.m. on August 11, 2014, in courtroom 2.
8 |     IT IS SO ORDERED
9 | DATED: February 7, 2014

Troy L. Nunley
United States District Judge